# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, DC 20549<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>JINESH P. BRAHMBHATT,<br>120 Chevy Chase Street<br>Gaithersburg, MD 20878<br><br>*Defendant/Respondent.* | Case No.: |

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934, SECTION 209(d) OF THE ADVISERS ACT OF 1940, AND SECTION 42(D) OF THE INVESTMENT COMPANY ACT OF 1940 <u>ENFORCING COMPLIANCE WITH A COMMISSION ORDER</u>

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondent, Jinesh P. Brahmbhatt ("Brahmbhatt"), with the Commission's Order to Institute Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against him on August 9, 2018. In anticipation of the proceedings giving rise to the OIP, Brahmbhatt consented to disgorge $1,258,691 plus $170,134 in prejudgment interest, and pay a civil penalty of $150,000.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Brahmbhatt violated Sections 206(1) and 206(2) of the Advisers Act.

2. Brahmbhatt has failed to satisfy the disgorgement order or civil penalty imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Jinesh P. Brahmbhatt, age 50, is a resident of Potomac, Maryland.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

6. Venue lies in the United States District Court for the Southern District of Maryland under Section 27(a) of the Exchange Act, Section 214 of the Advisers Act, and Section 44 of the Investment Company Act. The Respondent is "found" or is an "inhabitant" of this District, and/or a substantial part of the events giving rise to the underlying action occurred in this District.

## STATEMENT OF RELEVANT FACTS

7. On August 9, 2018, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against Brahmbhatt pursuant to Sections 15(b) and 21C of the Exchange Act, Sections 203(f) and 203(k) of the Advisers Act, and Section 9(b) of the Investment Company Act. *See* Ex. 1.

8. In the OIP, the Commission alleged, in part, that between February 2009 and February 2013, Brahmbhatt, the founder, chief executive officer, and majority owner of Jade

Private Wealth Management, LLC ("Jade"), a now defunct investment adviser, recommended that Jade's advisory clients purchase approximately $20 million in promissory notes (the "STI Notes") issued by Success Trade, Inc. ("STI"). In late 2012 and early 2013, Brahmbhatt further recommended that Jade clients holding STI Notes roll over, extend, or convert them into STI equity. During the four-year period during which Brahmbhatt advised Jade's clients to invest in the STI Notes, he failed to disclose that he and Jade were receiving payments from STI totaling more than $1.2 million. By April of 2013, STI ceased making any payments of principal or interest on the STI Notes, and Jade's clients who had invested in them incurred losses of approximately $12 million.

9. In anticipation of the OIP and related proceedings, the Respondent submitted an Offer of Settlement, which the Commission accepted ("Offer"). As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in the Respondent's Offer, which included an order to disgorge $1,258,691 plus prejudgment interest of $170,134, and to pay a civil penalty of $150,000.

10. Brahmbhatt did not seek review of the OIP, and the time to do so has expired.

## ARGUMENT

11. The Commission brings this proceeding under 21(e)(1) of the Exchange Act, 209(d) of the Advisors Act, and 42(D) of the Investment Company Act. The Exchange Act authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

12. Proceedings under the Exchange Act are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be

'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

13. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

14. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing the Respondent to show cause why this Court should not enter an order enforcing his compliance with the Commission's Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

    a. STI and Ahmed to disgorge $1,258,691 plus prejudgment interest of $170,134 and a civil penalty of $150,000;

    b. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from August 9, 2018, the date of the Order, to the date that this Court enters its order; and

    c. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated: February 13, 2020

Respectfully submitted,

_____
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov
Telephone:  202.551.4502
Facsimile:   202.572.1372

Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission